The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an opinion as to whether case coordinators, probation officers and clerks of the 20th Judicial District should be considered county employees. You state that the areas of concern are employee benefits, the setting of salaries, payment of overtime or compensation time and record keeping. You have also asked for my review of Faulkner County Quorum Court Proposed Ordinance F-7.
The status of case coordinators and probation officers as either state or county employees is not squarely addressed under state law. It is perhaps most accurate to identify them as court employees. See, e.g., Venhaus v. State, 285 Ark. 23,684 S.W.2d 252 (1985) (regarding circuit court probation officers); A.C.A. § 16-13-327 (Cum. Supp. 1991) and Abbott v. Spencer,302 Ark. 396, 788 S.W.2d 743 (1990) (regarding juvenile probation officers); and A.C.A. § 16-13-2805 (Cum. Supp. 1991) (regarding Twentieth Judicial District case coordinators). This office has therefore previously concluded that the general question regarding adult probation officers' employment status cannot be answered, in the absence of a specific pronouncement from the legislature or the courts. See Op. Att'y Gen. Nos. 88-135, 88-263 and 90-062. The same conclusion must, in my opinion, apply with regard to juvenile probation officers and the case coordinators. These positions are perhaps most accurately identified as state court positions that are funded by the counties.[1] See Abbott v. Spencer, supra,302 Ark. 396, 400 (Glaze, T., concurring).
With regard to clerks, it should be noted that the circuit clerk is an elected county officer. See Ark. Const. art. 7, § 19; A.C.A. §§ 14-14-703 (1987), 14-14-1301 (1987), and 14-14-1204
(Cum. Supp. 1991). I am uncertain as to what other "clerks" are encompassed in your question. It seems, however, that circuit clerks are not, strictly speaking, either state or county "employees."
With regard, specifically, to employee benefits, the setting of salaries, payment of overtime or compensatory time and record keeping, it is difficult to address these questions without knowing the exact focus of your inquiry. One might, for instance, consider the case coordinators to be county employees to the extent that the county is responsible for their compensation (A.C.A. § 16-13-2805 (Cum. Supp. 1991)) and, it seems, their benefits and overtime or compensatory time (A.C.A. § 16-13-219
(1987)).[2] It is clear, however, that the county does not set their salaries. See A.C.A. § 16-13-2805 (Cum. Supp. 1991). Nor, it seems, does the county's authority extend to directing the case coordinators' record keeping functions as pertains to their assigned duties. Section 16-13-2805 makes it clear that the judges have authority in this regard.
It is my understanding, with regard to adult probation officers, that the Arkansas Adult Probation Commission (A.C.A. §§12-48-101—106 (1987)) generally sets the salaries and benefits for these positions. The funding source for these payments is generally comprised of probation fees and state aid,[3]
although it should be noted that A.C.A. § 16-93-402 (1987) appears to envision the counties' payment of the probation costs and expenses.[4] There are no provisions governing overtime or compensatory time, although, as noted, A.C.A. § 16-93-402
(1987) makes reference to the counties' payment of probation costs and expenses based upon the relative population, caseload and property valuation. It is possible, therefore, at least to the extent that probation fees and state aid do not cover these items, that a county could incur this expense or a portion thereof. With regard to record keeping, the Arkansas Adult Probation Commission's authority to establish minimum standards for the operation of a probation office presumably includes general record keeping requirements. See A.C.A. § 12-48-103
(1987). The probation officers are also required to report to the courts, as directed. A.C.A. § 16-93-402 (1987).
It thus seems clear that for purposes of setting salaries and benefits and directing record keeping generally, probation officers are not considered county employees. See alsoVenhaus v. State, supra. The answer with regard to payment of overtime and compensatory time is perhaps somewhat less clear, in the absence of legislative or judicial guidance as to these items. Because the current statutory scheme appears to envision the maintenance of probation services through probation fees and state aid, it may be concluded that these items will also generally be funded through that source. As noted above, however, there is statutory authority for the proposition that probation costs and expenses are to be paid pro rata by the counties. And provision is made for the deposit of probation fees in the county treasury (A.C.A. § 12-48-103(e)(1) (1987)), reflecting legislative intent for these funds to flow through the county. The possibility of the county's obligation in this regard thus remains.
With regard, finally, to clerks, as noted above the office of circuit clerk is considered to be a county office. The clerk's salary is set, within legislatively established ranges, by the quorum court. A.C.A. § 14-14-1204(g) (Cum. Supp. 1991). While it would therefore be inaccurate to identify the clerk as an "employee," the county pays the clerk's salary. And, in the absence of controlling state legislation, it may reasonably be concluded that the county would have authority to address such matters as benefits and overtime or compensatory time in connection with this county office. The county would, presumably, be the source of any funding in this regard. With respect to record keeping, it should be noted that there are several statutes addressing particular records to be maintained by the circuit clerks. See, e.g., A.C.A. §§ 16-20-303—308. Any questions in this regard would, therefore, need to be addressed with reference to particular records.
You have also asked for my review of a proposed county ordinance (Faulkner County Quorum Court Proposed Ordinance F-7) that would require the submission of time sheets by persons for whom a county payroll check is issued. This ordinance would, in my opinion, in all likelihood withstand scrutiny. Any questions regarding the merits of the ordinance are, of course, properly addressed to the quorum court. It is my opinion, however, from a legal standpoint, that the ordinance is not contrary to state law and that it generally falls within the quorum court's broad authority over local matters (see Amendment 55 to the Arkansas Constitution).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A portion of the salary of a certified, full-time juvenile probation officer is, however, paid by the state, in accordance with A.C.A. § 16-13-327 (Cum. Supp. 1991).
[2] While there appear to be no specific provisions governing employee benefits or the payment of overtime or compensatory time in connection with these positions, the legislature has provided, generally, for the payment of circuit court expenses ". . . out of the county treasury in which the court is held in the same manner as other demands." A.C.A. § 16-13-219 (1987). This provision may be viewed as an expression of legislative intent for the counties to be the source of payment in this regard.
[3] There appears to be no prohibition against the counties paying for salary increments over and above these set amounts.
[4] Section 16-93-402(d) states that "[t]he circuit court shall consider the relative population, caseload, and property valuation in fixing the probation costs and expenses to be paid by each county." It was noted in Op. Att'y Gen. No. 90-062, however, that the funding mechanism established under A.C.A. §12-48-101—106 (probation fees and state aid) will operate to effectively limit or offset the counties' obligation.